**No. 25-1413**
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

TRUDY B. GRANT; SARAH KRAWCHECK; NASHONDA HUNTER; MAX
MILLIKEN; and CALEB CLARK,

*Plaintiffs-Appellants*,

and

JORDAN MAPP,

*Plaintiff*,

v.

HOWARD KNAPP, as the Executive Director of the South Carolina Election
Commission; JOANNE DAY, as a Member of the South Carolina Election
Commission; CLIFFORD J. EDLER, as a Member of the South Carolina Election
Commission; LINDA MCCALL, as a Member of the South Carolina Election
Commission; SCOTT MOSELEY, as a Member of the South Carolina Election
Commission; CHARLESTON COUNTY BOARD OF ELECTIONS AND
VOTER REGISTRATION; DENNIS SHEDD, Chairman of the South Carolina
State Election Commission,

*Defendants-Appellees*.
_____

On Appeal from the United States District Court
for the District of South Carolina at Charleston
(2:23-cv-06838-BHH)
Judge: Bruce H. Hendricks

---

**SUPPLEMENTAL BRIEF FOR APPELLANTS**

---

Armand Derfner, Fed. ID No. 528
Jonathan S. Altman, Fed. ID No. 5796
DERFNER & ALTMAN, LLC
575 King Street, Suite B
Charleston, SC 29403
aderfner@derfneraltman.com
jaltman@derfneraltman.com
(843) 723-9804

Susan K. Dunn, Fed. ID No. 647
37 Charlotte Street, Suite B
Charleston, SC 29403
Susandunn1950@gmail.com
(843) 830-1571

Chad W. Dunn (Pro Hac Vice)
BRAZIL & DUNN, LLP
1900 Pearl Street
Austin, TX 78705
chad@brazilanddun.com
(512) 717-9822

Pamela S. Karlan
559 Nathan Abbott Way
Stanford, CA 94305-8610
pkarlan@stanford.edu
(650) 725-5851

*Attorneys for Appellants*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ...........................................................................................1

ARGUMENT ...................................................................................................1

I.     Appellants Have Standing Because They Were Personally
       Denied Equal Treatment ...................................................................1

II.    Appellants' Standing Does Not Depend on Their Identifying a
       Specific Future Election Where They Want To Vote Absentee ......................3

CONCLUSION .................................................................................................5

**Cases**

*Am. Party of Texas v. White*,
415 U.S. 767 (1974)...................................................................................2

*Baker v. Carr*,
369 U.S. 186 (1962)...................................................................................2

*Bost v. Illinois Board of Elections*,
2026 WL 96707 (U.S. Jan. 14, 2026) (No. 24-568)...................................4, 5

*Gill v. Whitford*,
585 U.S. 48 (2018).....................................................................................2

*Haaland v. Brackeen*,
599 U.S. 255 (2023)...................................................................................3

*Heckler v. Mathews*,
465 U.S. 728 (1984)...................................................................................1

*Northeastern Florida Chapter of Associated General Contractors v.
City of Jacksonville*,
508 U.S. 656 (1993)...................................................................................2, 4

*Purcell v. Gonzalez*,
549 U.S. 1 (2006) (per curiam)..................................................................5

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)...................................................................................2

*Turner v. Fouche*,
396 U.S. 346 (1970)...................................................................................3

**Constitutional Provisions**

U.S. Const., Article III ...............................................................................1, 3
U.S. Const., amend XIV .............................................................................2, 5
U.S. Const., amend. XXVI ......................................................................... 1, 2, 5

**Statutes**

S.C. Code Ann. § 7-13-25............................................................................1
S.C. Code Ann. § 7-15-320..........................................................................2, 3
S.C. Code Ann. § 7-15-320(B)(2)................................................................ 1, 3, 5
S.C. Code Ann. § 7-15-470 (repealed) ........................................................3

**INTRODUCTION**

The answer to the question posed in this Court's January 15, 2026, order ("Order") is that appellants have shown a cognizable, non-speculative injury-in-fact sufficient to confer Article III standing. South Carolina has restricted the voting methods available to appellants "on account of [their] age," U.S. Const., amend. XXVI, § 1. Appellants have standing because they have been "personally denied equal treatment solely because of their membership in a disfavored group." *Heckler v. Mathews*, 465 U.S. 728, 740 (1984).

The record shows that appellants have voted absentee in specific past elections. They are not required to further identify a "specific election" in the "future" where they will exercise that right again, Order at 1. It is sufficient for purposes of Article III standing that they seek the option to do so.

**ARGUMENT**

**I.     Appellants Have Standing Because They Were Personally Denied Equal Treatment.**

Appellants are registered voters in South Carolina under age 65. J.A. 24. They alleged that voters over age 65 have a legal right "to choose freely in each primary and general election which method they will use," J.A. 25, from among voting (1) in person on Election Day, (2) early in person, *see* S.C. Code Ann. § 7-13-25, or (3) by mail, *see id.* § 7-15-320(B)(2). By contrast, appellants, because they are under age 65 "do not have [the] right" to choose freely whether to vote by mail. J.A. 25.

1

The relief appellants seek is "the same right to vote by mail ballot afforded to voters over age 65." J.A. 27. Thus, the gravamen of their claims is that they have suffered unconstitutional <u>discrimination</u>. They seek equal access to vote by mail, and not an abstract right to vote by mail regardless of who else enjoys that entitlement.

For such a claim, the standing-conferring "injury in fact" consists of "the denial of equal treatment resulting from the imposition of the barrier." *Northeastern Florida Chapter of Associated General Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993). That is why the Supreme Court has "long recognized" that "'voters who allege facts showing disadvantage to themselves as individuals have standing to sue' to remedy that disadvantage." *Gill v. Whitford*, 585 U.S. 48, 65-66 (2018) (quoting *Baker v. Carr*, 369 U.S. 186, 206 (1962)).

The Supreme Court has explained that when disadvantage implicates "harms specified by the Constitution itself," that disadvantage is sufficiently "concrete" to "provid[e] a basis for lawsuits in American courts," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Here, appellants meet that standard. "Abridg[ment]" of the right to vote "on account of age" is the precise harm specified by the Twenty-Sixth Amendment. And denial of equal treatment with respect to absentee voting rules is a Fourteenth Amendment harm as well. *See Am. Party of Texas v. White*, 415 U.S. 767, 794-95 (1974). Here, South Carolina has expressly limited the persons "qualified," S.C. Code Ann. § 7-15-320, to cast a no-excuse absentee ballot to

citizens over 65. Appellants are personally denied that choice because of their age. When the government places "'the burden of invidiously discriminatory disqualifications'" on individuals, this "counts as an Article III injury," *Haaland v. Brackeen*, 599 U.S. 255, 292 (2023) (quoting *Turner v. Fouche*, 396 U.S. 346, 362 (1970).

**II.     Appellants' Standing Does Not Depend on Their Identifying a Specific Future Election Where They Want To Vote Absentee.**

Appellants Grant and Hunter have voted "regularly" in South Carolina for years. J.A. 49 (Grant), *id.* 61 (Hunter). Official election records show that each voted "absentee" in specific past elections when their circumstances aligned with their eligibility to do so. *Id.* 84-85 (Grant), *id.* 89-90 (Hunter). Appellant Krawcheck previously voted by mail at least once in her prior state of residence. *Id.* 55.[1]

Each appellant has alleged that he or she would choose to vote by mail in future elections, "where that is particularly convenient, especially in any election where [they] may be unable to vote at all except by absentee ballot." J.A. 24. Appellants' stated desire to have the option to vote absentee in future elections is sufficiently concrete to satisfy Article III; they do not have to identify the specific

---

[1] Under the law then in effect, South Carolina voters who were entitled to vote absentee could do so, at their option, either by mail or by casting a ballot in person at the county's Election Headquarters, under S.C. Code Ann. § 7-15-470 (now repealed). Mss. Grant and Hunter were qualified to vote absentee under the then-existing eligibility rules for voting absentee (which were narrowed in the current version of Section 7-15-320), and cast their ballots as "in-person absentee" voters.

election in which they want to do so.

Appellants are similar to the plaintiff in *Northeastern Florida Chapter AGC*. There, the Supreme Court found standing for an association of contractors that challenged a city's minority set-aside program. The Court rejected the argument that the association had to show that one of its members would actually have received a contract absent the ordinance:

> When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

508 U.S. at 666. It was enough that members of the association had bid on contracts in the past and would continue to do so. They were not required to identify a specific future contract on which they hoped to bid.

The same is true here. Appellants were denied equal treatment. Three have previously voted absentee when they were eligible to do so and their circumstances warranted it, supporting the conclusion that their desire do so in the future is sufficiently "concrete," Order 1.

The Supreme Court's decision earlier this month in *Bost v. Illinois Board of Elections*, 2026 WL 96707 (Jan. 14, 2026) (No. 24-568), reinforces the conclusion that standing to challenge a provision like the one here does not depend on an

affected voter's plans with respect to a "specific" future election, Order 1.

Common sense tells us that many voters do not decide which available method of voting to use until close to an election; for example, the records for Mss. Grant and Hunter show that over time they have used several different methods to cast their ballots. J.A. 84-85, 88-90. So if voters must wait until they are certain they want to vote by mail in a particular election to establish standing, challenges can be brought only "shortly before election day—or worse, after," *Bost*, 2026 WL 96707, at *4.

This could actually shield the law from constitutional scrutiny. Under *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam), courts are likely to be required to leave the age-based restriction in place for at least another election cycle. But after the election specified in the complaint is over, plaintiffs may once again be unable to identify a specific future election in which they will seek to vote absentee. So they will again lack standing—unless they are prepared to allege they intend to vote absentee in *every* future election. Demanding such an allegation would force plaintiffs to forgo precisely the relief they seek here—the right enjoyed by voters over age 65 to *choose* for each election whether to vote by mail—in order to challenge the statute that denies them that entitlement. That cannot be right.

## CONCLUSION

Appellants have standing to challenge S.C. Code Ann. § 7-15-320(B)(2) as violative of both the Twenty-Sixth and Fourteenth Amendments.

Date:  January 23, 2026                    Respectfully submitted,


                            **By:**   */s/ Armand Derfner*


Armand Derfner, Fed. ID No. 528          Chad W. Dunn (Pro Hac Vice)
Jonathan S. Altman, Fed. ID No. 5796     BRAZIL & DUNN, LLP
DERFNER & ALTMAN, LLC                     1900 Pearl Street
575 King Street, Suite B                  Austin, TX 78705
Charleston, SC 29403                      chad@brazilanddun.com
aderfner@derfneraltman.com               (512) 717-9822
jaltman@derfneraltman.com
(843) 723-9804


Susan K. Dunn, Fed. ID No. 647           Pamela S. Karlan
37 Charlotte Street, Suite B             559 Nathan Abbott Way
Charleston, SC 29403                     Stanford, CA 94305-8610
Susandunn1950@gmail.com                  pkarlan@stanford.edu
(843) 830-1571                           (650) 725-5851


*Attorneys for Appellants*